# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JOSE DIAZ-MEDINA,

    Petitioner,

v.                                            Case No. 3:21cv796-LC-HTC

M. V. JOSEPH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Jose Diaz Medina, an inmate of the Federal Bureau of Prisons ("BOP") has filed a petition under 28 U.S.C. § 2241, challenging his conviction and sentence in the United States District Court for the District of Puerto Rico. ECF Doc. 1. The matter is before the Court on Respondent Joseph's Motion to Dismiss for Lack of Jurisdiction and for Failure to Exhaust Administrative Remedies. ECF Doc. 12. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon consideration, the undersigned recommends the motion be GRANTED. This Court does not have jurisdiction over Petitioner's claims, and even if it did, Petitioner has not exhausted administrative remedies.

## I.    BACKGROUND

Petitioner is currently incarcerated at Pensacola Federal Prison Camp ("FPC"), with a release date of January 29, 2027.  *See* https://www.bop.gov/inmateloc/.  Petitioner pled guilty in the United States District Court for the District of Puerto Rico, to one count of conspiracy to possess with the intent to distribute at least 15 but less than 50 kilograms of cocaine in violation of 21 U.S.C. §§ 841, 846, and was sentenced to the mandatory minimum of 120 months' imprisonment.[1]  Am. Judg., ECF Doc. 163, *USA v. Robles-Colon et al*, 3:18-cr-00441-JAG-3 (D. Puerto Rico October 21, 2020).

In the petition, Petitioner brings three (3) grounds for relief.  In Ground One he claims, without further elaboration, "Detention is in violation of 18 U.S.C. § 4042(a)(2) . . . Am not lawfully detained for 'offense against the United States.'"  ECF Doc. 1 at 3.  In Ground Two he claims "21 U.S.C. § 846 is not substantive law . . . 21 U.S.C. § 846 is procedural law, directing a sentence.  As such, 'crime of conspiracy' was never lawfully charged or convicted against Petitioner.  No standing exists.  No subject matter (under 18 U.S.C. § 3231) exists either."  ECF Doc. 1 at 3.  In Ground Three he claims "BOP failure to apply law equally . . . Petitioner has major health concerns; mother is not well.  FPC Pensacola has not provided

---

[1] The plea agreement contains a waiver of right to appeal the judgment or sentence.  ECF Doc. 12-5 at 5.

Case No. 3:21cv796-LC-HTC

Petitioner to home confinement while allowing others who have ZERO health issues, home confinement." ECF Doc. 1 at 4.

Respondent moves for dismissal on the following grounds. First, Petitioner must assert the claims contained in Grounds One and Two through a motion filed under 28 U.S.C. §2255 in the district of conviction. Second, the Court lacks jurisdiction to entertain the claim asserted in Ground Three, and, even if this Court had jurisdiction, Petitioner has failed to exhaust administrative remedies. ECF Doc. 12 at 1. For the reasons discussed below, the undersigned agrees as to all points.

## II. GROUNDS ONE AND TWO

Under 28 U.S.C. § 2255(e), an application for a writ of habeas corpus on behalf of a prisoner "who is authorized to apply for relief by motion pursuant to this section shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255(a) defines a prisoner "authorized to apply for relief" under § 2255 as:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Petitioner is a prisoner who is authorized to apply for relief by motion under § 2255. Thus, unless he can show such remedy by motion is

inadequate or ineffective (known as the "savings clause"), he cannot apply for a writ of habeas corpus.

First, there is no dispute Petitioner is in custody under a sentence established by Act of Congress, namely for violating sections 841 and 846 of the Controlled Substances Act. Second, as set forth above, in Ground One of the Petition, Petitioner alleges he is being held by the BOP in violation of the Constitution or laws of the United States, specifically "in violation of 18 U.S.C. § 4042(a)(2)[2]." While Petitioner's claim that he cannot be detained by the BOP because he was not convicted of an "offense against the United States" is dubious, at best, Petitioner's claim is nonetheless that his "sentence was imposed in violation of the . . . Laws of the United States". Thus, Petitioner must request the relief sought in Ground One via a motion under § 2255 filed in the District of Puerto Rico.

Similarly, in Ground Two, Petitioner argues the sentencing court had "[n]o standing" and "no subject matter." ECF Doc. 1 at 3. Both claims essentially contest the district court's jurisdiction to sentence him. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)."); 18

---

[2] Section 4042(a)(2) states, "The Bureau of Prisons, under the direction of the Attorney General, shall . . . provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise."

U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Thus, Petitioner must also raise the relief sought in Ground Two via a § 2255 motion in the District of Puerto Rico.

In the memorandum of law included with the petition, Petitioner argues relief under 28 U.S.C. § 2255 is "ineffective and inadequate," because the court which convicted him did so with authority. ECF Doc. 1 at 8. As Petitioner explains it, "habeas corpus in another federal or superior court, even the Supreme Court, is a proper remedy for reviewing proceedings of a court in a criminal case where wrongful conviction was obtained by denial of petitioner's constitutional rights." *Id.* at 10. Thus, read liberally, Petitioner appears to be seeking the benefit of the saving clause. Petitioner, however, has misconstrued the law.

In *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1088 (11th Cir. 2017) (*en banc*), the Eleventh Circuit held that "[a] motion to vacate is not often an inadequate or ineffective remedy." *Id.* at 1088. The *en banc* panel in *McCarthan* explained that a § 2255 motion is "inadequate or ineffective to test the legality of [a prisoner's] detention," as that phrase is used in the "saving clause," only in the following limited circumstances: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such

as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. *See McCarthan*, 851 F.3d at 1092-93. None of those exceptions apply here.

Therefore, the "saving clause" does not apply, and Petitioner must raise the relief sought in Grounds One and Two in a motion to vacate sentence under 28 U.S.C. § 2255 in the District of Puerto Rico. *See id.* at 1092 ("A federal prisoner must file a motion to vacate in the court that tried and sentenced him, where he can challenge issues about his trial and sentencing."). Since this Court is not the sentencing court, this Court lacks jurisdiction to consider those claims and Grounds One and Two should be denied.

## III.   GROUND THREE

The Court also lacks jurisdiction over Ground Three, but for a different reason. In Ground Three, Petitioner appears to seek placement in home confinement or for compassionate release. ECF Doc. 1 at 4. As Respondent argues, however, this Court is without authority to consider either request, and, even if it had such authority, Petitioner has not exhausted his administrative remedies.

First, to the extent Petitioner is seeking an order from this Court compelling the BOP to place him in home confinement, the Court does not have jurisdiction to do so. *See United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act). "Neither § 3624(c)(2) nor the CARES Act … give the judiciary any authority to grant an inmate's request for home confinement." *United*

Case No. 3:21cv796-LC-HTC

*States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021) (citing 18 U.S.C. § 3624(c)(2); Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") Pub. L. 116-136, Div. B, Title II, § 12003(b)(2)).  Instead, the Director of the BOP has independent authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  18 U.S.C. § 3624(c)(2).  Also, the CARES Act has "lengthen[ed] the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2) to such time as the Director determines appropriate.  These provisions do now allow a prisoner to seek home confinement directly from the Court.

Second, to the extent Petitioner is seeking compassionate release, his request cannot be brought in a 28 U.S.C. § 2241 petition.  Instead, to request a compassionate release from the Court, Petitioner must do so pursuant to a motion under 18 U.S.C. § 3582(c)(1)(A) in the court that convicted him – the District of Puerto Rico.  *See Bolze v. Warden, FCC Coleman Low*, 2020 WL 3610766, at *3 (M.D. Fla. July 2, 2020)("request for compassionate release is cognizable under 18 U.S.C. § 3582(c)(1)(A), not 28 U.S.C. § 2241" and "a motion for compassionate release must be brought before the court that imposed the sentence") (citing *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court.") (citations omitted); *Arnold v. Warden, FCC Coleman Low*, 2020 WL 2425731, at *1 (M.D. Fla. May 12, 2020)

(dismissing § 2241 petition seeking compassionate release because such a request must be brought in the sentencing court).

Finally, even if this district were the proper district to entertain this action, and Petitioner had used the proper statutory vehicle to bring this claim, Petitioner cannot obtain judicial review of the BOP's decision under 18 U.S.C. § 3582 because he has not exhausted administrative remedies.

In 2018, Congress enacted the First Step Act ("FSA"), which among other things amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603. The amended statute provides that:

> "[T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction[.]"

18 U.S.C. § 3582(c)(1)(A).

While the FSA allows a prisoner, for the first time, to bring a § 3582 motion directly to the court that sentenced him, it does *not* allow the prisoner to do so before giving the BOP an opportunity to decide the issue first. *See, e.g., Cruz-Pagan v. Warden, FCC Coleman Low*, 486 F. App'x 77, 79 (11th Cir. 2012); *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases).

Case No. 3:21cv796-LC-HTC

Thus, to pursue this claim in court, Petitioner must have (1) submitted a request for compassionate release to the BOP and either (a) the BOP denied the request and he exhausted all administrative rights with respect to that denial, or (b) the warden of the facility took no action on his request within 30 days of its receipt. *United States v. Smith*, 2020 WL 2512883, at *3 (M.D. Fla. May 15, 2020). Despite Petitioner checking the box next to "yes," in response to a question on the petition form regarding whether he filed a grievance, the Respondent has provided evidence showing otherwise.

Deciding a motion to dismiss for failure to exhaust administrative remedies involves a two-step analysis as established in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Under the first step, the court "looks to the factual allegations in the defendant's motion to dismiss and those in plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082 (citation omitted). "If the complaint is not subject to dismissal through the first step," then the court proceeds to the second step – which is "to make specific findings to resolve the disputed factual issues related to exhaustion." *Id.* While the *Turner* analysis arose out of a case under 42 U.S.C. § 1983, it has also been applied to § 2241 petitions. *See Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856–57 (11th Cir. 2020) (applying *Turner* to question of exhaustion of issues in 28 U.S.C. § 2241 petition).

Case No. 3:21cv796-LC-HTC

Attached to Respondent's motion to dismiss is the affidavit of Janet Gignilliat, the Warden's Secretary at FCP – Pensacola and the Administrate Remedy Clerk for FPC Pensacola. ECF Doc. 12-1. In it, Gignilliat states, "I have reviewed inmate Diaz-Medina's SENTRY[3] Administrative Remedy records. SENTRY indicates inmate Diaz-Medina has not filed any administrative remedies since he has been incarcerated." *Id*. at ¶ 8. She attaches a printout called an "ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL" which showed, "NO REMEDY DATA EXISTS FOR THIS INMATE". ECF Doc. 12-2.

Despite being given thirty (30) days to file a response in opposition to Respondent's motion to dismiss, and being advised that under Local Rule 7.1(H), the Court may rule on the motion by default if no response is filed, ECF Doc. 13, Petitioner did not file a response. Thus, the Court finds dismissal is warranted under the first step of the *Turner* analysis. Indeed, Petitioner appears to admit he has not exhausted administrative remedies by describing his exhaustion efforts as follows: "They say, busy, ask later." ECF Doc. 1 at 4.

Thus, even if the Court had jurisdiction over Ground Three, Petitioner is not entitled to relief because he has failed to exhaust his administrative remedies, and this Ground is due to be dismissed. *United States v. Lee*, 848 F. App'x 872, 874

---

[3] SENTRY is an electronic database maintained by the BOP, "which among other purposes, is used to track administrative remedies filed by inmates" and "stores information entered by administrative remedies clerks on the status, progress, and disposition of each remedy filed by an inmate." ECF Doc. 12-1 at 2.

Case No. 3:21cv796-LC-HTC

(11th Cir. 2021) ("The exhaustion requirement is 'mandatory, in the sense that a court must enforce the rule if a party properly raises it....'") (quoting *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021))

## IV. CONCLUSION

### A. Evidentiary Hearing

The undersigned finds an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

### B. A Ruling on a Certificate of Appealability Is Not Required

Because Petitioner invokes § 2241 and not § 2254 or § 2255, a ruling on a certificate of appealability is not required. *Scales v. Talladega Cty. Jail*, 2021 WL 3074411, at *3 (N.D. Ala. June 24, 2021), *report and recommendation adopted*, 2021 WL 3055405 (N.D. Ala. July 20, 2021); 28 U.S.C. § 2253(c) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--(A) the final order in a habeas corpus proceeding in which

the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255.").

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss, ECF Doc. 12, be GRANTED.

2. That this case be DISMISSED for lack of jurisdiction and failure to exhaust administrative remedies.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of January, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.